United States District Court
Southern District of Texas
**ENTERED**
September 12, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **RAYNELLE KING,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-CV-03296** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

This is a dispute between an insured and her insurer over a homeowner's policy. On November 18, 2018, a late-night fire broke out in Plaintiff Raynelle King's home, and King filed a claim with Defendant State Farm Lloyds ("State Farm"). Arson investigators later found gasoline residue in debris samples from the room where the fire started. King was apparently in considerable financial distress at the time. As a result, State Farm denied King's claim alleging that she had set fire to her own home. King sued, arguing that State Farm wrongfully denied her claim. State Farm has now filed a Motion for Summary Judgment or, Alternatively, Partial Summary Judgment, (Dkt. No. 15). State Farm asks the Court to find that King committed arson and therefore cannot recover under the policy. After careful review, the Court finds that there is a genuine dispute of material fact, and State Farm is not entitled to judgment as a matter of law. The Court, therefore, **DENIES** the Motion.

## I. BACKGROUND[1]

On the night of November 18, 2018, Plaintiff Raynelle King's house caught fire, (Dkt. No. 15 at 1), which caused extensive damage, (Dkt. No. 16 at 1); (*see also* Dkt. No. 4 at 3). At the time, King held a homeowner's insurance policy from State Farm that covered fire loss, among other things. (Dkt. No. 16 at 1). King submitted a claim for damages under her policy, which State Farm denied. (*Id.*). King sued State Farm for failing to pay out her insurance policy. (*Id.*). She asserts various causes of action under Texas law: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) violation of the Deceptive Trade Practices Act; (4) violation of the Texas Prompt Payment of Claims Act under the Texas Insurance Code; (5) unfair insurance practices under the Texas Insurance Code; (6) fraud; and (7) ongoing conspiracy to commit illegal acts.[2] (*Id.*).

State Farm removed this case based on diversity jurisdiction.[3] (Dkt. No. 1-2). After the discovery period, State Farm moved for summary judgment. (Dkt. No. 15). State

---

[1] Except where noted, this Section contains only undisputed facts, and all facts and reasonable inferences have been construed in favor of the nonmovant. *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). The Court has not weighed evidence or made credibility findings. *Id.*

[2] King filed her original petition in state court in Harris County, Texas, on August 19, 2019. (Dkt. No. 1-4 at 7–17). As pointed out in State Farm's Notice of Removal, (Dkt. No. 1-2), King amended her petition on September 23, 2022, (*id.* at 3). While the Notice of Removal indicates that State Farm included King's amended petition with its removal papers, (Dkt. No. 1-4 at 1), it appears that State Farm inadvertently omitted it. Nevertheless, the Court takes judicial notice of King's amended petition as it is a matter of public record. *See* Fed. R. Evid. 201(b). While the original petition only listed one cause of action for breach of contract, (*see* Dkt. No. 1-4 at 11–15), her amended petition added six causes of action.

[3] The Parties do not dispute that there is diversity jurisdiction, and the Court finds that jurisdiction is proper under 28 U.S.C. § 1332.

Farm contends that the evidence points to "just one rational conclusion—that [King] burned her house." (*Id.* at 10). Arguing that no reasonable jury would believe any other account, State Farm asks the Court to find that King committed arson and consequently cannot recover under any of her legal theories. (*Id.* at 11). In the alternative, State Farm asks the Court to find that the fire was at least the result of arson, leaving for trial only the question of who committed the arson. (*Id.* at 11–12).

## II. LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the outcome of the suit under governing law. *E.g.*, *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018). And "[a] dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *TIG Ins. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must come forward with specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, LLC v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quotation omitted). "The nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports his or her claim." *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (per curiam) (cleaned up), *as revised* (July 14, 2017). If evidence is merely colorable or not significantly probative, summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019).

In reviewing a motion for summary judgment, the district court views the evidence in the light most favorable to the nonmovant. *Carr*, 866 F.3d at 601. This means that factual controversies are to be resolved in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

## III. DISCUSSION

"Arson is an affirmative defense to an insurance claim for a loss resulting from a fire." *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 45 n.1 (Tex. 1998). To establish this affirmative defense, "the insurer must prove by a preponderance of the evidence that the insured set the fire or caused it to be set." *State Farm Lloyds, Inc. v. Polasek*, 847 S.W.2d

279, 282 (Tex. App.—San Antonio 1992, writ denied). "Because arson is usually planned and committed in secrecy to avoid detection," *id.*, the insurer generally must rely on circumstantial evidence, *State Farm Fire & Cas. Ins. v. Vandiver*, 970 S.W.2d 731, 736 (Tex. App.—Waco 1998, no pet.). To establish the affirmative defense absent direct evidence, "the insurer must offer evidence [that]: (1) the fire had an incendiary origin; (2) the insured had a motive to set the fire or cause it to be set; and (3) the insured had an opportunity to set the fire or other circumstances linking the insured to the fire." *Id.* When reviewing the record for evidence of these elements, courts "examine the totality of the circumstances" and whether the evidence points to the ultimate fact to be established—that the insured committed arson. *Id.*

In this case, State Farm points to King's own testimony to convince the Court that King committed arson.[4] According to King, she lived on the property with her sister, LaTonya, and her nephew, Kody at the time of the fire. (Dkt. No. 15-1 at 2). LaTonya and Kody stayed in "the second bedroom," (*id.* at 5), where the fire started, (*id.* at 13). On the night of the fire, the three returned home from dinner at about 9:30–10:00 p.m. (*Id.* at 6). They watched a movie, (Dkt. No. 15-2 at 5), and LaTonya and Kody fell asleep on the living room couch, (Dkt. No. 15-1 at 17). King testified that she went to bed at about 1:00 a.m., (Dkt. No. 15-2 at 6), and she woke up on multiple occasions to the smell of an "awkward odor" that became "stronger" though the night. (Dkt. No. 15-1 at 11, 20–

[4] King was examined under oath on two separate occasions. First, before this lawsuit, King gave an "Examination Under Oath" "at State Farm's request " and "consistent with a policy condition requiring that she do so." (Dkt. No. 15 at 2); (*see* Dkt. No. 15-1). Second, King was deposed in this case. (Dkt. No. 15 at 2–3); (*see* Dkt. No. 15-2).

21). She eventually noticed the fire coming from the second bedroom, behind the dresser on which a television was located. (*Id.* at 28–29). After seeing the flames, she ushered LaTonya and Kody out of the house and called the fire department. (*Id.* at 31, 36).

According to State Farm, King's own version of events indicate that she started the fire. On the first element of the arson defense, State Farm points to a report by Apex Fire Investigation Services—a company it retained to investigate the cause and origin of the fire—that ruled out accidental causes of the fire and classified the fire as incendiary based in part on gasoline residue in debris samples from the second bedroom. (*See* Dkt. No. 15-3). Second, as to motive, State Farm identifies multiple pieces of evidence suggesting that Plaintiff was in dire financial straits at the time of the incident. (Dkt. No. 15 at 6–7). And finally, for opportunity, State Farm contends that, by King's own account, she was the only person who could have started the fire because "the windows and doors were locked, and her sister and nephew were sleeping on the couch." (*Id.* at 5).

While State Farm's evidence may support a finding that King committed arson, it does not establish this fact; it creates a factual dispute. State Farm has not identified a case where a court has found at the summary-judgment stage that the insured committed arson. And the caselaw actually points to the contrary.

For example, in *Polasek*, there was evidence for all three elements of the arson defense, including (1) evidence suggesting that kerosene and accelerants were involved; (2) records indicating that the insureds were in financial trouble; and (3) circumstances showing that the insureds were the individuals with the best—and arguably only—opportunity to set the fire. *Polasek*, 847 S.W.2d at 282–83. In fact, the only evidence that

the insureds did not cause the fire was their attestation "that they had nothing to do with the fire." *Id.* at 283. The insureds did not even suggest that the fire was accidental, due to natural causes, or otherwise not due to an incendiary origin. *Id.* at 282. Nonetheless, the court held that "the evidence did not establish as a matter of law that the [insureds] set the fire," but instead "presented a fact issue[.]" *Id.*

Similarly, in *Vandiver*, the circumstantial evidence strongly suggested arson. There, (1) the parties did not dispute that the fire had an incendiary origin; (2) the insured "was experiencing financial distress at the time of the fire;" and (3) the insured had opportunity to set the fire because there was no evidence that anyone else was at the property during the evening in question. *Vandiver*, 970 S.W.2d at 736–37. The court determined that these circumstances might "justify a conclusion that [the insured] was the person who set the house on fire." *Id.* at 737. However, again, the court held that this evidence did not *establish* that arson had occurred, but instead "raise[d] a fact issue on the affirmative defense of arson." *Id.* at 738.

These cases illustrate that even strong circumstantial evidence of arson merely creates a factual dispute, and courts consistently defer to juries to resolve this dispute. *E.g.*, *Weidner v. Nationwide Prop. & Cas. Ins.*, 74 F.Supp.3d 814 (E.D. Tex. 2014) (finding, after a bench trial, that a fire resulted from arson). This Court follows suit. Here, State Farm has offered probative evidence of incendiary origin, motive, and opportunity to link King to the fire. And King, through her testimony and affidavit, has maintained that she did not cause the fire. (Dkt. No. 16-1 at 1); (*see also* Dkt. Nos. 15-1, 15-2). The Court

concludes that the totality of the evidence creates a factual dispute that a jury must resolve.

## IV. CONCLUSION

For these reasons, Defendant State Farm's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment, (Dkt. No. 15), is **DENIED**. Moreover, King is **DIRECTED** to file her First Amended Original Petition that was omitted from the removal papers within fourteen days of entry of this Order.

It is SO ORDERED.

Signed on September 12, 2024.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**